OLD COLONY TRUST COMPANY, trustee, *vs.* BROCKTON SAVINGS BANK (and two companion cases). June 29, 1971. Each of the three defendant banks issued an identical policy of term savings-bank life insurance for $5,000 to the late John C. Garland (insured). In separate actions the plaintiff as beneficiary seeks recovery from each bank for the amount of the policy which it issued. The cases were submitted to a judge of the Superior Court for decision on a case stated and are now before us on the banks' appeals from an order for judgment for the beneficiary in each case. The banks deny liability on the ground that premiums which were due on May 17, 1966, were never paid, and that the thirty-one day grace period for their payment expired on June 17, 1966, with the result that the policies lapsed. On June 11, 1966, the insured was totally disabled by an injury which resulted in his death on June 27, 1966. The beneficiary contends that riders waiving premiums if the insured became "totally and permanently disabled" prevented the policies from lapsing. These riders define "total disability" and then define "permanent disability" as "total disability which has been continuous for a period of six months." The banks contend that since the insured died less than six months after his injury he was not permanently disabled within the policy definition. It is not necessary for us to decide that question because the same riders also provide that "in the event that total disability commences within a grace period, the premium due, if unpaid, with interest . . . shall constitute indebtedness to the Bank on the policy; and said premium and interest shall be deducted from any benefits payable under the policy." In the present cases the insured became totally disabled on June 11, 1966, which was within the grace period for the premiums which had become due on May 17 and were still unpaid. Under the clear language of the riders these premiums became debts due the banks which they could deduct upon payment of the proceeds of the policies to the beneficiary. We are not persuaded to the contrary by the argument of the banks that since these were term policies without cash value they might have to wait years until the death of the insured to recover the debts from the policy proceeds, and might never recover them if the insured permitted the policies to lapse. On the facts of these cases there was no great delay since the insured died shortly

after his total disability started. If there were a long delay or other difficulty in collecting the debts, it would be because the banks elected to attach to a term life insurance policy a form of waiver of premium rider probably intended for a different type of policy. They cannot for that reason alone avoid the foreseeable consequences of the otherwise clear language they chose to use. Neither are we persuaded by the banks' argument that the premium loan provision of the riders would not apply until the insured had been totally disabled for six months. That would render the loan provision meaningless because at the end of those six months the premium waiver provision would apply. The order for judgment in each case is modified to permit the defendant bank to deduct the unpaid premium due it from the policy proceeds, and as thus modified it is affirmed with costs of appeal.

*So ordered.*

*Will J. Bangs* for the defendants.
*Richard D. Leggat (John C. Hutchins* with him) for the plaintiff.